## IN THE SUPREME COURT OF THE STATE OF NEVADA

INTEGRATED FINANCIAL
ASSOCIATES, INC.; WESTCHESTER
CLO, LTD.; GLENEAGLES CLO, LTD.;
STRATFORD CLO, LTD.; GREENBRIAR
CLO, LTD.; EASTLAND CLO, LTD.;
BRENTWOOD CLO, LTD.; JASPER CLO,
LTD.; LONGHORN CREDIT FUNDING
LLC; GRAYSON CLO, LTD.; AND RED
RIVER CLO, LTD.,
Appellants,
vs.
KB HOME NEVADA INC., A NEVADA
CORPORATION,
Respondent.

No. 64986

FILED

SEP 2 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a tort action alleging fraudulent inducement and negligent misrepresentation claims. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Appellant Integrated Financial Associates (IFA) loaned $23 million to Essex Real Estate Partners and Las Vegas Development Associates (collectively, Buyers) to purchase land from respondent KB Home Nevada (KB) in Inspirada, a master-planned community in Henderson, Nevada. Foothill Group also loaned $43 million to finance this purchase. Foothill assigned its interest in equal parts to Highland Credit Opportunities Holding Company and Highland Crusader Holding Company. These holding companies in turn divided and assigned their interests to appellants Westchester CLO, Gleneagles CLO, Stratford CLO, Greenbriar CLO, Eastland CLO, Brentwood CLO, Jasper CLO, Longhorn

Credit Funding LLC, Grayson CLO, and Red River CLO (collectively, Highland Funds). After the development failed, appellants sued KB, arguing that KB induced them to finance the purchase by intentionally and negligently misrepresenting KB's obligation to install major infrastructure on the land and the nature of the project schedule and budget that respondent provided to the Buyers. The district court granted summary judgment, and appellants appealed.

Appellants argue that the district court erred in granting summary judgment on their claims for fraudulent inducement and negligent misrepresentation. This court reviews de novo a district court order granting summary judgment. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* When reviewing a motion for summary judgment, the evidence and reasonable inferences from it are considered in the light most favorable to the nonmovant. *Id.* Summary judgment is proper when an essential element of a claim is absent. *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105, 111, 825 P.2d 588, 592 (1992).

To establish a cause of action for fraud in the inducement, the plaintiff must show, in part, by clear and convincing evidence that the defendant made a false representation and the plaintiff justifiably relied on the representation. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 277, 290, 89 P.3d 1009, 1018 (2004). To establish negligent misrepresentation, the plaintiff must show, in part, that the defendant supplied false information and the plaintiff justifiably relied upon the information. *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 449, 956 P.2d 1382, 1387 (1998).

Taking into consideration the entire record, including the contested parol evidence,[1] appellants identify many representations that were not false, despite their insistence to the contrary. The record shows that the schedule provided had been approved by the management committee, as represented; that no agent of KB stated that the schedule was a "Major Infrastructure Schedule" as required to trigger KB's self-help rights; and that no agent of appellants or Buyers asked KB to provide a schedule to trigger such rights, even though such was required by the declaration of development covenants and restrictions, which the development agreements referenced. The record also shows that no agent of KB stated that the budget provided was a final budget, the budget was titled as a draft document, and no agent of appellants or Buyers requested a final budget. The record contains no representations by KB that its self-help rights were triggered by either the budget or the schedule. We conclude that appellants have failed to show a false statement.[2]

Appellants have also failed to show justifiable reliance. Reliance is not justifiable when the defect is patent and obvious and the buyer and seller have equal opportunities of knowledge. *Collins v. Burns*, 103 Nev. 394, 397, 741 P.2d 819, 821 (1987). On its face, the schedule provided did not meet the requirements to trigger KB's self-help rights,

---

[1]We conclude that the parol evidence rule was not implicated here and accordingly decline to reach appellants' arguments that the parol evidence rule only applies to actions between parties to a contract and that this court should overrule *Tallman v. First National Bank of Nevada*, 66 Nev. 248, 208 P.2d 302 (1949).

[2]Having reviewed appellants' supplemental filing, we have determined that this does not demonstrate an issue of material fact regarding appellants' claim of fraudulent inducement.

and reliance on any purported misrepresentation that it had triggered such rights was not justifiable because the defect in such a false statement would have been patent and obvious. Any purported misrepresentation that the budget was final similarly fails to support justifiable reliance when the file was titled "draft" and the email providing it stated that it was still modifiable. Any purported representation of an unlimited commitment to install the infrastructure does not support justifiable reliance as the contract expressly set forth KB's less-expansive obligations in that regard. Further, appellants' due diligence precluded justifiable reliance, as they are deemed to have relied on their own judgment because they investigated independently, the alleged misrepresentations were apparent from inspection, all parties were highly experienced real estate developers, appellants' agents stated that they would not rely on a statement by KB's agent without supporting documentation, and the record clearly shows that the budget and schedule could not trigger KB's self-help rights. *See Epperson v. Roloff*, 102 Nev. 206, 211-12, 719 P.2d 799, 803 (1986). We further conclude that appellants' misrepresentation-by-omission argument lacks merit because appellants never expressly requested triggering instruments from KB. As appellants have failed to show a false statement or justifiable reliance, they have failed to demonstrate a genuine issue of material fact as to their claims for fraudulent inducement and negligent misrepresentation, and summary judgment in favor of KB was proper.[3]

---

[3]We also note that appellants may not challenge an agreement as induced by fraud and then seek the benefit of that agreement. *See Collins*, 103 Nev. at 398-99, 741 P.2d at 822.

Appellants next argue that the district court erred in granting summary judgment against their claims for punitive damages because they were entitled to prevail on their claims for fraud. As there were no genuine issues of material fact supporting their claims for fraud, we conclude that appellants were not entitled to prevail and that the district court did not err. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Mark R. Denton, District Judge
Howard Roitman, Settlement Judge
Lackey Hershman, LLP
Hutchison & Steffen, LLC
Pisanelli Bice, PLLC
Eighth District Court Clerk

---

[4]As summary judgment was warranted against IFA's and Highland Funds' claims on the merits, we need not reach Highland Funds' argument that the district court erred in concluding that it lacked standing.

This case was submitted for decision by the seven-justice court. The Honorable Nancy M. Saitta, Justice, having retired, this case has been decided by a six-justice court.